UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN R. CUTTS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15CV263 RLW |
| ST. LOUIS COUNTY DEPT. OF HEALTH, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### The Complaint

In his pro se complaint against the St. Louis County Health Department, plaintiff asserts generally a violation of his "privacy rights" pursuant to 42 U.S.C. § 1983.

Plaintiff states that the Health Department "allowed unauthorized access" of his medical records to an unnamed female worker who transferred an electronic copy of his medical records to her private email account. He seeks monetary relief in an amount of $2 million dollars.

**Discussion**

To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Rather, plaintiff alleges plainly that an unnamed employee is responsible for the alleged violation. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, the Court notes that plaintiff cannot bring a claim for relief under the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA does not provide for a private right of action for improper disclosures of medical information. Rather, it limits enforcement of the statute to the Secretary of Health and Human Services. *See Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Acara v. Banks.* 470 F.3d 569, 570-72 (5th Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 22nd day of April, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE